UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

TED ALAN SIMPSON,  Case No. 26-41193-PRH
KIMBERLY ANN SIMPSON  Chapter 13
  Judge Paul R. Hage
    Debtors.
_____/

**OPINION DENYING MOTION FOR TEMPORARY WAIVER OF
CREDIT COUNSELING DUE TO EXIGENT CIRCUMSTANCES
AND DISMISSING CASE**

**I.    INTRODUCTION**

On February 4, 2026, Ted Alan Simpson and Kimberly Ann Simpson (the "Simpsons") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code,[1] commencing this case.[2] On February 6, 2026, the Simpsons, acting *pro se*, filed the *Motion for Temporary Waiver of Credit Counseling Due to Exigent*

---

[1] The Bankruptcy Code is set forth in 11 U.S.C. § 101 *et seq.* Specific chapters of the Bankruptcy Code are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __." Similarly, specific rules of the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __."

[2] The petition was not accompanied by the documents that generally must be filed with all chapter 13 petitions, such as the schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, a statement of financial affairs, and a plan. *See* Fed. R. Bankr. P. 1007.

1

*Circumstances* [Doc. No. 8] (the "Motion").[3] The Motion seeks a temporary waiver of the credit counseling requirement because the Simpsons are dealing with an imminent foreclosure and are filing this bankruptcy as an "emergency" in an effort "to prevent the loss of [their] home." On February 9, 2026, the Simpsons each filed an individual *Certificate of Counseling* [Doc. No. 14] (the "Certificates"). The Certificates state that on February 9, 2026, the Simpsons received "an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111."

The Court has reviewed all filings relevant to the Motion. Using the discretion provided under Local Bankruptcy Rule 9014-1(e), the Court has determined that a hearing on the Motion is not necessary. The Motion must be denied and, as a result, this case must be dismissed.

## II. ANALYSIS

The Motion is governed by section 109 which states, in pertinent part:

> An individual may not be a debtor under this title unless such individual has, *during the 180-day period ending on the date of filing of the petition by such individual*, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (emphasis added).

---

[3] The Motion was procedurally improper as it does not comply with either the *ex parte* requirements or the general procedures for a motion under Local Bankruptcy Rule 9014-1.

In this case, the Motion and the Certificates indicates that the Simpsons received their credit counseling briefings five days *after* filing their bankruptcy petition. Thus, the Simpsons are ineligible to be debtors pursuant to section 109(h)(1).

While there are two exceptions to section 109(h)(1)'s credit counseling requirements, set forth in sections 109(h)(3) and 109(h)(4), neither of these exceptions apply here.

### A. Section 109(h)(3) does not apply

First, section 109(h)(3) allows a debtor to obtain the required credit counseling up to 30 days after filing the petition, and for cause shown, up to 45 days after filing the petition. *See* 11 U.S.C. § 109(h)(3)(B). To obtain such relief, however, section 109(h)(3)(A) requires the submission of a certification that:

- (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

- (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and

- (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A).

In this case, the Simpsons did not comply with the requirements of section 109(h)(3)(A). The Simpsons assert that their impending foreclosure is an "exigent

3

circumstance" that merits waiver of the credit counseling requirement. That may be true in some cases. That said, although a foreclosure is understandably a very difficult situation for many debtors, it is not uncommon and it does not happen overnight.

Credit counseling services are readily available through the telephone or the internet. The fact that the Simpsons were able to obtain credit counseling by internet five days after filing shows that they could have, with more planning, obtained such counseling on or before the date they filed their chapter 13 petition, as required by section 109(h)(1). The circumstances detailed in the Motion do not merit a waiver of the credit counseling requirement, nor is this excuse satisfactory to the Court, as required by sections 109(h)(3)(A)(i) and 109(h)(3)(A)(iii).

The Motion also does not satisfy section 109(h)(3)(A)(ii) because it does not indicate that "the debtor[s] requested credit counseling services from an approved nonprofit budget and credit counseling agency, but [were] unable to obtain the services ... (1) during the 7-day period beginning on the date on which the debtor[s] made that request." 11 U.S.C. § 109(h)(3)(A)(ii). Because the Motion did not satisfy any of the statutory requirements, section 109(h)(3) does not apply in this case.

**B. Section 109(h)(4) does not apply**

The other exception to section 109(h)(1), set forth in section 109(h)(4), provides:

> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

In this case, the Motion does not allege or demonstrate any facts that would justify relief under section 109(h)(4). The Motion does not indicate that the Simpsons have any "disability" or "incapacity" as defined by the statute. Nor does it indicate that they are in "active military duty in a military combat zone." Thus, section 109(h)(4) likewise does not apply.

Pursuant to the plain language of section 109(h)(1), the Simpsons are not eligible to be debtors in this case. The statutory exceptions to the general rule requiring the credit counseling briefing to occur pre-petition are inapplicable and, outside of those exceptions, courts do not have discretion to excuse the credit counseling requirements. In this case, the Simpsons received credit counseling briefings five days *after* filing their bankruptcy petition. Thus, they are ineligible to be debtors and this case must be dismissed.

### III. CONCLUSION

Based on the foregoing, the Court must deny the Motion and dismiss this case. However, the Court notes that neither this Order nor the dismissal of this case

prevents the Simpsons from filing a new bankruptcy case. Because the Simpsons obtained credit counseling briefings on February 9, 2026, they can file a new case and do not need to obtain new credit counseling briefings or new certificates, so long as they file a new bankruptcy case within 180 days after February 9, 2026. The Court will enter a separate order denying the Motion and dismissing this case.

**Signed on February 13, 2026**



/s/ Paul R. Hage
_____
**Paul R. Hage**
**United States Bankruptcy Judge**

6

26-41193-prh    Doc 21    Filed 02/13/26    Entered 02/13/26 12:15:46    Page 6 of 6